# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN R. FAIRWEATHER,
    Appellant,

    v.

DEPARTMENT OF
  TRANSPORTATION,
    Agency.

DOCKET NUMBER
SF-315H-15-0221-I-1

DATE: September 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Renee Wilson</u>, Moses Lake, Washington, for the appellant.

<u>Kyle Lomazow</u>, Renton, Washington, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective January 13, 2014, the agency appointed the appellant, a 5-point preference eligible, to the temporary position of Air Traffic Control Specialist in the excepted service.  Initial Appeal File (IAF), Tab 7 at 13.  On March 6, 2014, the agency converted the appellant's initial, temporary appointment to a permanent one.  *Id.* at 14.  Both appointments were subject to the completion of a 1-year trial period beginning January 13, 2014.  *Id.* at 13-14.  On December 2, 2014, prior to the completion of the 1-year trial period, the agency terminated the appellant for being absent without leave from his official duties.  *Id.* at 17-18.

¶3        The appellant filed a timely appeal challenging his termination and requested a hearing.  IAF, Tab 1.  He disputed the merits of his termination and also alleged that the agency committed prohibited personnel practices and discriminated against him based on his marital status and race.  *Id.* at 6.  In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal and apprised him of the requirements for meeting the definition of an "employee" for purposes of

5 U.S.C. chapter 75 appeal rights. IAF, Tab 2 at 2-5. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tabs 7, 9. In response, the appellant further disputed the merits of his termination and reasserted his claims of prohibited personnel practices and discrimination based on marital status and race. IAF, Tabs 8, 10.

¶4 Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1, 10. Because the administrative judge found that the appellant was a preference eligible in an excepted service position, the administrative judge determined that the dispositive issue was whether the appellant made a nonfrivolous allegation that he is an "employee" under 5 U.S.C. § 7511(a)(1)(B). ID at 6-7. The administrative judge found that the appellant did not satisfy 5 U.S.C. § 7511(a)(1)(B) because he failed to make a nonfrivolous allegation that, at the time of his termination, he had completed 1 year of current continuous service in the same or similar position. ID at 7. The administrative judge further found that the Board lacks the authority to review the appellant's claims of marital status and race discrimination because 5 C.F.R. § 315.806 does not apply to individuals in the excepted service and a claim of prohibited personnel practices is not an independent source of jurisdiction. ID at 9. Finally, the administrative judge concluded that the limited appeal rights of individuals in the excepted service serving under a Veterans Recruitment Appointment (VRA) do not apply to the appellant because he never alleged that he served under a VRA and the evidence did not support such a proposition. ID at 9 n.6.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 An individual's right to appeal an adverse action to the Board, such as the appellant's termination, depends on whether he is an "employee" as defined by

5 U.S.C. § 7511(a)(1).  *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶ 15 (2004).  The definition of "employee" includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—(i) in an Executive agency; or (ii) in the United States Postal Service or Postal Regulatory Commission."  5 U.S.C. § 7511(a)(1)(B).  Notably, for a preference eligible in the excepted service, the absence or completion of a probationary or trial period is not determinative of "employee" status.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).  Rather, the dispositive issue is whether the appellant satisfied the 1-year "current continuous service" requirement when he was separated.  *Id.* The term "current continuous service" means a period of employment or service, either in the competitive or excepted service that immediately precedes an adverse action without a break in Federal civilian employment of a workday.  *Id.*, ¶ 14; 5 C.F.R. § 752.402.

¶7        Here, the appellant does not dispute that he was a preference eligible in an excepted service appointment.  *See* ID at 6.  His Standard Form 50s clearly show that he was appointed to a position in the excepted service and that he was a preference eligible.  IAF, Tab 7 at 13-14.  Accordingly, he is an "employee" only if he meets the criteria under 5 U.S.C. § 7511(a)(1)(B).  We find, because the appellant served less than 1 year of his Air Traffic Control Specialist position and failed to nonfrivolously allege that his initial appointment was preceded by employment without a break in Federal civilian employment of a workday, that he failed to nonfrivolously allege that he is an "employee" under 5 U.S.C. § 7511(a)(1)(B) with adverse action appeal rights.  *See Maibaum*, 116 M.S.P.R. 234, ¶ 14 (finding that, although a single break in service of less than 30 days is permissible when tacking on prior service to complete a probationary or trial period, such 30-day rule is inapplicable in determining whether prior service may be counted toward the "current continuous service" requirement under 5 U.S.C. § 7511(a)(1)).

¶8    In his petition for review, the appellant alleges that the agency discriminated against him as a "VRA medically retired veteran."  PFR File, Tab 1 at 3.  Excepted service employees lack the regulatory grounds for appeal of probationary terminations, such as discrimination on the bases of marital status and race, that are available to competitive service employees under 5 C.F.R. § 315.806(b) and (d).  *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009) (holding that 5 C.F.R. § 315.806 applies only to individuals in the competitive service).  However, individuals serving in a VRA have been granted the same appeal rights during the first year of their trial periods as competitive service employees.  *See Maibaum*, 116 M.S.P.R. 234, ¶ 18; 5 C.F.R. § 307.105.  For the reasons cited in the initial decision and based on the record evidence, we find that the appellant has failed to nonfrivolously allege that he was appointed under VRA authority and therefore entitled to a regulatory right to appeal.  ID at 9 n.6; IAF, Tab 7 at 13-14.  Additionally, we agree with the administrative judge that the appellant's claim of prohibited personnel practices based on discrimination is not an independent source of jurisdiction.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).[2]

¶9    The appellant further asserts that the administrative judge was biased.  PFR File, Tab 1 at 3.  He alleges as evidence of the administrative judge's bias that the administrative judge improperly extended the close of record deadline on the jurisdictional issue to "January 26, 2105 [sic]."  *Id.*; *see* IAF, Tab 6 at 2.  We find that this minor typographical error does not provide a reason to disturb the initial

---

[2] To the extent that the appellant is raising new claims of discrimination based on disability or veteran status, we decline to address such claims further because he has not shown that they are based on new and material evidence that was unavailable despite his due diligence when the record closed.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).

decision or indicate bias.[3]  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  The appellant's broad allegation of bias is not sufficient to rebut this presumption.

¶10    Finally, the appellant requests "time for a[n] independent investigation into MWH records" to find evidence of discrimination that he was unable to obtain through the Freedom of Information Act.  PFR File, Tab 1 at 3.  We deny his request because evidence related to his discrimination claims would be immaterial to the relevant jurisdictional issue.  *See* 5 C.F.R. § 1201.115(d).

¶11    For all these reasons, we decline to disturb the initial decision and find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] In an acknowledgment order, the administrative judge established the deadline for the close of record on the jurisdictional issue as 25 calendar days after the date of the order.  IAF, Tab 2 at 5.  Because the order was issued on December 30, 2014, the close of record deadline was actually January 26, 2015.  *See* 5 C.F.R. § 1201.23; *see also* ID at 4 n.3.  The record reflects that the administrative judge considered all of the appellant's submissions below even though they may have been untimely.  ID at 3 n.2, 4 n.3.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                  _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.